UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARIO PEARSON,<br><br>                Petitioner,<br><br>v.<br><br>ERNELL LUCAS,<br><br>                Respondent. | Case No. 20-CV-1045-JPS<br><br>**ORDER** |

        On July 10, 2020, petitioner Mario Pearson ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). He is currently being held as a pre-trial detainee. Petitioner alleges that he has suffered a violation of his right to a speedy trial in violation of the Sixth Amendment, an unconstitutional arrest in violation of the Fourth Amendment, and an unconstitutional identification procedure in violation of the Sixth Amendment. (*Id.* at 6). He acknowledges that he has not filed an appeal or a grievance, or otherwise sought an administrative remedy. (*Id.* at 2–3).

        Publicly available records confirm this. On July 30, 2019, a complaint was filed in Milwaukee County charging Petitioner with one count of first-degree reckless injury and one count of felony bail jumping. Milwaukee County Circuit Court Case No. 2019CF3316 *available at* https://wcca.wicourts.gov. That same day, a warrant issued. Petitioner was taken into custody on September 27, 2019. Proceedings moved towards trial until December 13, 2019, when defense counsel informed the court that he believed Petitioner was not competent to stand trial. The Court ordered Petitioner to undergo a competency evaluation. On January 13, 2020, a

second evaluation was ordered. On May 5, 2020, a contested competency hearing was held, and the court determined that Petitioner was competent to proceed. The case was scheduled for trial on August 24, 2020. At the final pretrial hearing, however, Petitioner accepted the government's final plea offer. On August 18, 2020, a plea colloquy was held, during which Petitioner pled guilty to the first charge. It appears that Petitioner has yet to be sentenced. While the record in this case is long, it is also detailed. There is no indication that Petitioner raised the issue of his allegedly unconstitutional confinement in the Wisconsin state court proceeding.

Section 2241 allows pre-trial detainees to challenge their continued confinement. However, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, **and only after the petitioner has exhausted state-court remedies**.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (emphasis added); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). While Petitioner has alleged a violation of his right to a speedy trial, it does not appear that he has exhausted his state court remedies. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is

required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, there is no evidence that Petitioner sought review of his allegedly unconstitutional confinement from the highest court in Wisconsin. On these grounds alone, this Court must deny the petition.

Rule 1(b) of the Rules Governing 2254 Cases provides that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)" i.e., Section 2254 petitions. Therefore, the Court will apply these rules to this Section 2241 case to determine whether to issue a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge